IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BROWN BOTTLING GROUP, INC.**                                                               **PLAINTIFF**

vs.                                                          **CIVIL ACTION No.: 3:19-CV-142-HTW-LGI**

**THE H.T. HACKNEY CO., et al[1].**                                                          **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is the Motion [ECF No. 330] of Defendant The H.T. Hackney Co. ("Hackney") for Partial Summary Judgment, filed pursuant to Rule 56[2] of the Federal Rules of Civil Procedure. Hackney seeks judgment as a matter of law with respect to two declaratory relief requests asserted by Plaintiff Brown Bottling Group, Inc. ("Brown") in Paragraphs 131(a) and 131(c) of its Amended Complaint. These paragraphs seek declarations that:

1. "Brown Bottling has the sole and exclusive right to manufacture, distribute, and sell trademarked PepsiCo and KDP products in Brown Bottling's exclusive territory pursuant to rights granted to Brown Bottling under its EBAs and the Soft Drink Interbrand Competition Act[3]," and

---

[1] This Court previously has dismissed the following defendants from this lawsuit: Imperial Trading Co., LLC; Long Wholesale, Inc.; AAA Cash & Carry Wholesale, Inc.; The Corr-Williams Company; and W.L. Petrey Wholesale, Co. The only remaining defendants are The H.T. Hackney Co. and MS Wholesale 1 Inc.

[2] Fed. R. Civ. P. 56(a) provides that a party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

[3] 15 U.S.C. § 3501 provides that exclusive territorial licensing agreements between soft drink trademark owners and bottlers are not unlawful under antitrust laws, provided the trademarked products face effective competition from other beverages of the same general class in the relevant market.

    2. "Defendants are not authorized or licensed to manufacture, sell, distribute, deliver, or stock trademarked PepsiCo and KDP soft drink products within the boundaries of Brown Bottling's exclusive territory."

This Court, having reviewed the motion, response, reply, supporting exhibits, and governing law, finds that Hackney's Motion must be DENIED for the reasons set forth below.

## I.    JURISDICTION

This Court exercises subject matter jurisdiction under 28 U.S.C. § 1331[4], as Brown asserts claims arising under the Lanham Act, 15 U.S.C. § 1125[5]. Supplemental jurisdiction over related state law claims exists under 28 U.S.C. § 1367, [6]because they are part of the same case or controversy.

## II.    BACKGROUND

Brown is a soft drink bottler and distributor that operates under Exclusive Bottling Appointments (EBAs) with PepsiCo, Inc. and licensing agreements with Keurig Dr Pepper (KDP). These EBAs grant Brown the exclusive right to manufacture, distribute, and sell PepsiCo and KDP-branded beverages in a defined territory covering 36 counties in Mississippi and two counties in Alabama. Hackney is a wholesale distributor that sources finished beverage products—

---

[4] 28 U.S.C. § 1331 grants federal courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

[5] 15 U.S.C. § 1125 prohibits the use of false designations of origin, false descriptions, and dilution of trademarks in commercial advertising or promotion.

[6] 28 U.S.C. § 1367(a) provides that in any civil action in which the district courts have original jurisdiction, they shall also have supplemental jurisdiction over all other claims that are so related that they form part of the same case or controversy.

including PepsiCo and KDP products—from outside Brown's designated territory and resells them within that same territory.

Brown initiated this litigation in 2019, asserting claims under the Lanham Act[7] and Mississippi state law, and seeking declaratory and injunctive relief. On February 15, 2022, this Court entered an Order denying Hackney's motion to dismiss under Rule 12(b)(6), rejecting Hackney's arguments that Brown's claims failed as a matter of law because of lack of contractual privity and the absence of a private right of action under the Soft Drink Interbrand Competition Act. The Court held that Brown's references to the EBAs and the Soft Drink Act served to contextualize its claims and that the claims did not seek to enforce the EBAs against Hackney. The Court further found that Brown had stated a plausible claim for relief under the Lanham Act and Mississippi law.

Subsequently, the parties proceeded through discovery. Hackney has now renewed its arguments through the present motion for partial summary judgment, raising substantially similar grounds. Brown opposes the motion, contending that genuine issues of material fact exist and that the relief it seeks remains within the scope of the Declaratory Judgment Act.

### III.    ARGUMENTS

Hackney contends that the Court should grant summary judgment on Brown's declaratory relief claims because: (1) Hackney is not a party to the EBAs and thus cannot be bound by them; (2) the Soft Drink Interbrand Competition Act provides no private right of action; and (3) the

---

[7] See Fn. 4.

declarations sought would result in an impermissible horizontal market allocation prohibited under federal antitrust law.

Brown responds that its claims do not seek to enforce the EBAs against Hackney, nor rely upon a private right of action under the Soft Drink Act. Brown, instead, seeks judicial clarification of its own rights and status under federal law and the EBAs considering Hackney's continued product distribution in the designated exclusive territory. Brown argues that declaratory relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201[8], because a live, justiciable controversy exists between the parties.

Brown emphasizes that this Court previously rejected these same arguments in a 2022 ruling denying Hackney's Rule 12(b)(6)[9] motion to dismiss. That Order recognized that Brown's references to the EBAs and the Soft Drink Act serve only to contextualize its federal and state law claims, not to enforce contractual obligations against a non-party. Brown contends that no intervening facts or legal developments justify a different result at this stage.

## IV.    ANALYSIS

The Declaratory Judgment Act provides federal courts with discretion to "declare the rights and other legal relations of any interested party seeking such declaration" when an actual controversy exists. The Supreme Court has made clear that a plaintiff need not assert a cause of action for damages in order to obtain declaratory relief. See *MedImmune, Inc. v. Genentech, Inc*.,

---

[8] 28 U.S.C. § 2201(a) provides that in a case of actual controversy within its jurisdiction, a United States court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

[9] Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

549 U.S. 118, 127 (2007); *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). The controversy, rather, must be definite and concrete, affecting the legal rights of parties with adverse interests.

Here, Brown has demonstrated the existence of a substantial and continuing controversy. Hackney does not deny that it sells PepsiCo and KDP products in Brown's exclusive territory. The parties dispute whether such conduct is lawful, given Brown's exclusive bottling rights recognized by contract and federal statute. In this Court's eye, that conflict falls squarely within the purview of the Declaratory Judgment Act.

Hackney's argument that the EBAs cannot bind non-signatories is beside the point. Brown does not seek to enforce the EBAs against Hackney as a contract claim; rather, Brown seeks a declaration of its own rights and Hackney's legal status relative to those rights. Federal courts have routinely permitted declaratory actions in such circumstances. See *Chevron U.S.A. Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153–55 (5th Cir. 1993).

Hackney's reliance on antitrust law is similarly unavailing. While territorial restrictions imposed through competitor agreements may constitute unlawful market division, the exclusive territories in this case arise from vertical arrangements between bottlers and trademark owners. The Soft Drink Interbrand Competition Act explicitly permits such exclusive bottling appointments where the products face effective competition from other beverages in the same general class[10]. See also *Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 730 (1988); *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007).

Moreover, United States Court of Appeals for the Fifth Circuit has held that when a party seeks a declaration of rights arising from a real dispute, courts should resolve those questions,

---

[10] See fn. 2.

particularly where the alternative would force parties to operate in legal uncertainty. See *Orix Credit Alliance, Inc. v. Wolf*, 212 F.3d 891, 895 (5th Cir. 2000).

Accordingly, this Court finds that Brown's declaratory judgment claims present a proper subject for judicial determination and that summary judgment is inappropriate.

## V.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant The H.T. Hackney Co.'s Motion for Partial Summary Judgment **[ECF No. 330]** is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the   16th   day of   July  , 2025.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**