**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BROWN BOTTLING GROUP, INC.**

**PLAINTIFF**

**VS.**

**CAUSE NO. 3:19-CV-00142-HTW-LGI**

**THE H.T. HACKNEY CO., et al.** **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is Defendant The H.T. Hackney Co.'s ("Hackney") Corrected Motion for Reconsideration of Hackney's Motion for Partial Summary Judgment and Request for Oral Argument **[ECF No. 343]**. Hackney, by way of its Motion, asks this Court to revise its July 16, 2025 Order [ECF No. 339], grant Hackney's Motion for Partial Summary Judgment [ECF No. 330], and hear oral argument. Plaintiff Brown Bottling Group, Inc. ("Brown") opposes the motion [ECF Nos. 341, 342], and Hackney has submitted a rebuttal [ECF No. 345]. After reviewing the parties' submissions, the record, and the governing law, this Court GRANTS IN PART and DENIES IN PART Hackney's motion. This Court grants the motion only to correct its description of Brown's position on disputed facts. That correction does not alter the Court's denial of partial summary judgment. This Court denies all other requested relief, including oral argument for the reasons following.

## I. BACKGROUND

Brown operates under Exclusive Bottling Appointments ("EBAs") with PepsiCo, Inc., and licensing agreements with Keurig Dr Pepper ("KDP"). Brown alleges that those agreements grant it exclusive rights to manufacture, distribute, and sell specified beverages in a territory that covers parts of Mississippi and Alabama. Hackney distributes finished beverage products, including PepsiCo and KDP products, and sells them inside Brown's claimed territory.

Brown's Amended Complaint seeks, among other relief, declarations that Brown holds the sole and exclusive right to manufacture, distribute, and sell the covered products in its territory and that Defendants lack authorization or licenses to manufacture, sell, distribute, deliver, or stock those products there. *See* Am. Compl. ¶ 131(a), (c) [ECF No. 21]. Brown invokes the Declaratory Judgment Act[1] as the procedural vehicle for those declarations and asserts underlying claims pursuant to federal and Mississippi law.

Hackney moved for partial summary judgment on those two requests. It argued that the EBAs cannot bind a nonparty, the Soft Drink Interbrand Competition Act creates no private right of action, and Brown's requested declarations would impose an unlawful horizontal market allocation[2]. The Court denied Hackney's motion. The Order identified Hackney's three arguments, explained that Brown did not seek to bind Hackney through a contract claim or a private statutory cause of action, and rejected Hackney's characterization of the vertical bottling arrangements[3] as a per se unlawful horizontal restraint. *See* Order 3–6 [ECF No. 339].

Hackney now seeks reconsideration, arguing that this Court misstated Brown's position on disputed facts, resolved only justiciability, failed to decide Hackney's substantive request, misunderstood the asserted restraint, and overlooked Brown's abandonment of its pleaded declarations.

[1] Title 28 U.S.C. § 2201(a) provides, in pertinent part: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

[2] A horizontal market allocation occurs when competitors operating at the same level of the market agree to divide territories or customers. *See United States v. Topco Associates, Inc.*, 405 U.S. 596, 608 (1972) (describing an agreement "between competitors at the same level of the market structure to allocate territories in order to minimize competition" as a horizontal restraint and a *per se* violation of § 1 of the Sherman Act).

[3] Vertical bottler arrangements arise between entities operating at different levels of the distribution chain, such as a trademark owner and its bottler or distributor. *See Topco*, 405 U.S. at 608 (distinguishing horizontal agreements between competitors at the same market level from vertical agreements among entities at different levels, "e.g., manufacturers and distributors").

## II. LEGAL STANDARD

The Court's denial of partial summary judgment remains interlocutory, so Federal Rule of Civil Procedure 54(b)[4] governs Hackney's motion. See *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). The Court may revise an interlocutory order "for any reason it deems sufficient," even without new evidence, or an intervening change in law. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citation omitted). This flexible standard reflects the Court's inherent authority to afford relief "as justice requires." *Id.* at 337 (citation omitted).

A party seeking summary judgment must establish both the absence of a genuine dispute of material fact and its entitlement to judgment as a matter of law. Federal Rule of Civil Procedure 56(a)[5]; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The absence of a factual dispute does not, standing alone, entitle a movant to judgment. The movant still must show that governing law requires the requested judgment.

## III. DISCUSSION

### A. The Court Corrects Its Description of Brown's Position.

The July 16 Order stated that Brown opposed partial summary judgment by "contending that genuine issues of material fact exist." Order 3 [ECF No. 339]. That statement did not accurately describe Brown's response. Brown stated that, "[w]ith a few exceptions, and for purposes of this Motion only," it did not dispute Hackney's statement of facts. Brown's Mem. 2

---

[4] Federal Rule of Civil Procedure 54(b) provides, in pertinent part: "Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities".

[5] Federal Rule of Civil Procedure 56(a) provides: "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

[ECF No. 334]. Brown instead argued that the facts, as stated, did not entitle Hackney to judgment as a matter of law.

The Court therefore revises the quoted sentence to read: "Brown opposes the motion and contends that Hackney has not established its entitlement to judgment as a matter of law." This correction grants Hackney part of the relief it requests, but it does not change the result. This Court's previous Order did not identify a factual dispute as its ground for denying partial summary judgment; rather, the Court evaluated Hackney's legal grounds and rejected them. An undisputed record satisfies only one component of the summary-judgment inquiry; Hackney still had to establish that the law compelled judgment in its favor.

**B. The Prior Order Addressed Hackney's Substantive Request.**

Hackney contends that the prior Order resolved only whether an actual controversy existed. The Order, however, did more. It began by quoting the two declarations Hackney challenged. Order 1–2 [ECF No. 339]. It then identified each of Hackney's legal grounds: lack of contractual privity, lack of a private right of action, and an asserted horizontal market allocation. *Id.* at 3–4. The Court explained why none required judgment for Hackney. *Id.* at 4–6.

The Order's discussion of an actual controversy did not substitute jurisdiction for merits analysis. The Declaratory Judgment Act permits a federal court to declare the rights and legal relations of parties to an actual controversy, but it does not create an independent substantive cause of action. *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014). This Court, in its previous Order, applied that distinction. Brown does not claim that the EBAs bind Hackney as a contracting party, and it does not assert a private cause of action under the Soft Drink Interbrand Competition Act. Brown instead seeks declarations concerning its own claimed rights and Hackney's legal status relative to those rights in connection with Brown's underlying federal and state claims, as follows:

> a. Brown Bottling has the sole and exclusive right to manufacture, distribute, and sell trademarked PepsiCo and KDP products in Brown Bottling's exclusive territory pursuant to the rights granted to Brown Bottling *under its EBAs and the Soft Drink Interbrand Competition Act*;

. . . .

> c. Defendants are not authorized or licensed to manufacture, sell, distribute, deliver, or stock trademarked PepsiCo and KDP soft drink products within the boundaries of Brown Bottling's exclusive territory;…

Am. Compl. at 48 [ECF No. 21].

Hackney's Motion for Partial Summary Judgment asked this Court to hold, as a matter of law, that Brown could not obtain the declarations pleaded in Paragraphs 131(a) and 131(c). The Court concluded that Hackney's asserted grounds did not warrant that relief. This Court did not, however, declare Brown's rights, determine that Hackney's conduct was unlawful, nor enter judgment for Brown. Brown retains the burden of establishing every factual and legal requirement for the declaratory relief it seeks.

**C. Brown Did Not Abandon its Challenged Requests.**

Hackney next characterizes Brown's summary judgment response as an abandonment of Paragraphs 131(a) and 131(c), stated above. A party may abandon a claim by failing to defend or pursue it in response to a dispositive motion. *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (finding abandonment where the plaintiff's opposition "completely failed even to refer to its alternative theories of recovery"); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding abandonment where the plaintiff failed to defend the claim in either of her responses and failed to pursue it beyond the complaint).

Brown, however, did not remain silent; rather, Brown's memorandum brief opposed Hackney's motion and explained the theory supporting its requested declarations. Brown's statement that it does not seek to enforce the EBAs as contracts against Hackney or sue Hackney directly under the Soft Drink Interbrand Competition Act narrowed Brown's theory; it did not withdraw the pleaded requests. Nothing in Brown's response reflects the deliberate and

unequivocal relinquishment necessary to treat its statements as a binding concession. *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (explaining that a statement constitutes a binding judicial admission when the party makes it intentionally as a waiver); *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329 (5th Cir. 2001) (requiring a claimed judicial admission to be "deliberate, clear, and unequivocal"). The Court, therefore, cannot treat Brown's express defense of those requests as their abandonment.

### D. Hackney Has Not Established that Brown's Requested Declarations are Unlawful as a Matter of Law.

The Soft Drink Interbrand Competition Act protects the inclusion and enforcement of certain exclusive territorial provisions in soft-drink trademark licenses when the covered products face substantial and effective competition from products of the same general class[6]; the Act does not legalize enforcement through otherwise-unlawful price-fixing agreements, horizontal restraints of trade, or group boycotts[7]. Hackney relies on that limitation and argues that Brown seeks a horizontal restraint by asking the Court to stop a competitor's sales within Brown's territory.

Horizontal restraints arise from an agreement among competitors, while vertical restraints arise from an agreement between businesses operating at different levels of distribution. *Ohio v. American Express Co.*, 585 U.S. 529, 540–41 (2018). Brown does not rely on an agreement with Hackney or another competing distributor. Brown, instead, relies on its licensing agreements with

---

[6] Title 15 U.S.C. § 3501 provides, in pertinent part: "Nothing contained in any antitrust law shall render unlawful the inclusion and enforcement in any trademark licensing contract or agreement . . . of provisions granting the licensee the sole and exclusive right to manufacture, distribute, and sell such product in a defined geographic area . . . : Provided, That such product is in substantial and effective competition with other products of the same general class in the relevant market or markets."

[7] Title 15 U.S.C. § 3502 provides: "Nothing in this chapter shall be construed to legalize the enforcement of provisions described in section 3501 of this title in trademark licensing contracts or agreements described in that section by means of price fixing agreements, horizontal restraints of trade, or group boycotts, if such agreements, restraints, or boycotts would otherwise be unlawful."

PepsiCo and KDP—entities operating at a different level of the distribution chain. Those agreements are vertical, not horizontal.

Hackney's argument does not establish a *per se* violation of Section 1 of the Sherman Act[8]. A restraint "is horizontal not because it has horizontal effects, but because it is the product of a horizontal agreement." *Bus. Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 730 n.4 (1988). The relief sought by Brown does not change the character of the underlying agreements. Brown's requested relief would affect Hackney, a competitor, but that effect does not establish an agreement among competitors. Hackney has identified no horizontal agreement, price-fixing arrangement, or group boycott that Brown seeks to enforce.

The Court nevertheless does not hold that Brown may lawfully prohibit every sale by Hackney within the claimed territory. Brown's requested declarations would establish only Brown's rights under the EBAs and Hackney's status as an unauthorized or unlicensed seller. Brown still must establish a valid substantive basis for relief. This Court holds only that Hackney has not shown that the requested declarations themselves constitute a per se unlawful horizontal restraint or otherwise fail as a matter of law.

**E. Oral Argument Is Unnecessary.**

The parties' written submissions fully present the issues. Oral argument would not aid the Court's decisional process; accordingly,  this Court denies Hackney's request for oral argument.

[8] Title 15 U.S.C. § 1 provides, in pertinent part: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant The H.T. Hackney Co.'s Corrected Motion for Reconsideration of Hackney's Motion for Partial Summary Judgment and Request for Oral Argument **[ECF No. 343]** is **GRANTED IN PART** and **DENIED IN PART**. The Court GRANTS the motion only to correct the description of Brown's position as stated in this Order. The Court DENIES the motion in every other respect, including Hackney's request for oral argument and its request that the Court grant partial summary judgment. The Court's July 16, 2025 Order [ECF No. 339] otherwise remains in full force and effect.

**SO ORDERED AND ADJUDGED this the 30th day of September, 2026.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**